Burnes, J.
1. On July 26, 1992, at approximately 2:30 a.m., Joanna L. Bianchi was a passenger in a vehicle owned and operated by Todd Cicchetelli. While stopped for a red traffic signal, this vehicle was struck in the rear by a vehicle owned and operated by Gerald Beliveau.
2. At the time of the accident, the vehicle owned and operated by Cicchetelli was insured with Arbeila Mutual Insurance Company (“Arbeila") under the Fifth Edition of the Standard Massachusetts Automobile Policy. This policy included the statutory limits of $8,000.00 in personal injury protection (“PIP”) benefits.
3. In the accident of July 26, 1992, Bianchi sustained personal injuries to her head, neck and back.
4. Prior to the accident Bianchi had been treated for a temporomandibular joint condition (commonly referred to as TMJ). At the time of the accident, Bianchi was free of symptoms for TMJ.
5. Bianchi commenced medical treatment with Dr. Desmond Ebanks, an orthopedist, on July 29, 1992, for injuries to her neck and back and with Dr. Kevin Coughlin, an oral surgeon, for injuries to her tem *115 por omandibular joint. Bianchi was also seen at Mercy Hospital. On September 29, 1992, Bianchi commenced treatment with Dr. William Bazin, a chiropractor, for injuries to her jaw, neck and back.
6. The charges for the care received by Bianchi totaled $9,449.16. The charges are all fair and reasonable and were all causally related to the motor vehicle accident of July 26, 1992. Of the total amount of the charges, $2,545.85 was paid by a private insurance carrier of Bianchi. Arabella has paid $2,205.00. The balance is $4,698.31.
7. Bianchi continued to demand payment of these bills, including those of Dr. Bazin, which Arbella refused. See, e.g., Exhibit 12 (Letter of counsel to Arbella) and Exhibit 3 (Letter from Arbella).
8. On September 15,1992, while Bianchi was under the treatment of Dr. Ebanks, Bianchi submitted to an Independent Medical Examination (“IME”) by Dr. Cyril Shea, an orthopedist. Dr. Shea was assigned to do this examination by the IME service. The Arbella claims representative did not ask specifically for Dr. Shea to perform this examination.
9. Dr. Shea concluded that, at the time of his examination, there were no objective findings to support any disability at that time. He concluded that if there was any total disability, it lasted one to one and a half weeks, that partial disability lasted three or four weeks and that there was no facial injury to support TMJ condition.
10. The claims representative for Arbella, who testified at trial, was the person who decided not to make future medical payments for the plaintiff. Although there was other evidence which might have brought into question what were and how long the plaintiff experienced problems as a result of the accident, the claims representative testified that she based her decision on the examination and opinion of Dr. Shea.
The insurance policy covering this claim provides:
If anyone seeks payment ... , we have a right to require that person to be examined by doctors selected by us. If anyone seeks continuing payments ... , we may also require additional examinations at reasonable intervals.
11. Arbella never asked Bianchi to submit to an Independent Medical Examination by a chiropractor. Bianchi did not request that she be so examined. There was no evidence that Arbella had Dr. Bazin’s bills reviewed by a chiropractor.
12. By letter dated May 3, 1993, Bianchi made a demand for payment under G.L.c. 90, §34M; G.L.c. 176D, §3; and G.L. 93A. Arabella made an unreasonable offer of settlement, agreeing only to pay $165.00 for dental expenses. Exhibit 3.
13. Bianchi’s attorney has submitted an affidavit of fees and costs for preparing for and trying this case in this court in the amount of $937.50 for 7.5 hours of time plus costs. Bianchi applied for costs of $128.95 and fees of $812.50 for the trial in the District Court.
CONCLUSIONS OF LAW
1. The evidence as presented to this court is sufficient as a matter of law to warrant a finding for the plaintiff that the outstanding medical bills are due and payable under the Personal Injury Protection coverage afforded to Bianchi from Arbella. Because of this finding, Bianchi is entitled to costs and reasonable attorneys fees under G.L.c. 90, §34M.
2. G.L.c. 90, §34M also provides that
no insurer shall refuse to pay a bill for medical services submitted by a practitioner [including a chiropractor] based solely on a medical review of the bill or of the medical services underlying the bill, which review was requested or conducted by the insurer, unless the insurer has submitted, for medical review, such bill or claim to at least one practitioner [of the same discipline] . . .
3. The evidence is sufficient to warrant a finding that Arbella requested or conducted a review of Dr. Bazin’s bills and denied payment of those bills without having them reviewed by a chiropractor, as it was required to do. Further, Arbella denied payment of those bills without requesting, as it was entitled to do, to have Bianchi examined by an independent medical examiner of the same discipline. Bianchi had no obligation to request such a review or examination. This is not a case where the insurer made an erroneous decision that it had no liability under its policy. See Guity v. Commerce Ins. Co., 36 Mass.App.Ct. 339 (1994). The insurer here failed to follow the law and failed reasonably to investigate the bills submitted to it.
4. Arbella’s refusal to pay these bills without such review was in violation of G.L.c. 176D, §3(a) and an unfair and deceptive practice in violation of G.L. 93A. The plaintiff sent a timely demand letter under G.L.c. 93A and the defendant did not make a reasonable settlement offer. This court finds that Arbella’s conduct was knowing and wilful, entitling Bianchi to three times her damages, together with attorneys fees and costs. This court finds that the amounts of counsel fees and costs requested by Bianchi for both the District Court and Superior Court trials are fair and reasonable.
ORDER
For the above reasons, this court orders that judgment enter as follows:
1. The plaintiff shall recover against the defendant in the amount of $14,094.93, which is three times her damages, plus interest.
2. The defendant shall pay to the plaintiff her reasonable counsel fees and costs in the amount of $1344.00.